IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROBBER EARL SMITH,                    )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )      Case No. 08-CV-120-CVE-PJC
                                      )
OKLAHOMA PUBLICATION CO.              )
(Tulsa World & Tulsa Tribune);        )
NICOLE MARSHALL,                      )
                                      )
              Defendants.             )


and


ROBBER EARL SMITH,                    )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )      Case No. 08-CV-152-CVE-SAJ
                                      )
NICOLE MARSHALL,                      )
                                      )
              Defendant.              )


**OPINION AND ORDER**

This is a consolidated civil right rights action. On March 3, 2008, Plaintiff, a prisoner

presently in custody at the David L. Moss Criminal Justice Center and appearing *pro se*, filed a 42

U.S.C. § 1983 civil rights complaint (Dkt. # 1), along with a motion to proceed *in forma pauperis*

(Dkt. # 2).  By Order filed March 14, 2008, the Court consolidated a second civil rights complaint

filed by Plaintiff in Case No. 08-CV-152-CVE with this action. On April 3, 2008, Plaintiff filed an

amended complaint (Dkt. # 8) and an amended motion to proceed *in forma pauperis* (Dkt. # 9) to

cure deficiencies in his original pleadings. Upon review of the amended pleadings filed by Plaintiff,

the Court finds Plaintiff's motion to proceed *in forma pauperis*, as amended, shall be granted. Nonetheless, he shall be required to pay the full $350 filing fee in monthly installments as directed herein. The Court further finds that the amended complaint filed by Plaintiff shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**A. *Motion to proceed in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis*, as amended, the Court concludes that Plaintiff is without funds in his institutional account sufficient to prepay the full filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted. Pursuant to 28 U.S.C. §1915(b)(1), however, Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Within thirty (30) days of the entry of this Order, Plaintiff shall pay an initial partial filing fee of **$28.72** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate account for the period immediately preceding the filing of the complaint.  See 28 U.S.C. §1915(b). After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison accounts until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint.  See 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate jail official at Plaintiff's

current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to jail officials at the David L. Moss Criminal Justice Center.

### B. Plaintiff's amended complaint shall be dismissed

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* complaint, as amended, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that Plaintiff's claims brought pursuant to 42 U.S.C.

3

§ 1983 fail to state a claim upon which relief may be granted.  The Court further finds it would be futile to allow further amendment of the complaint. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint, as amended, shall be dismissed with prejudice.

In the amended complaint, Plaintiff identifies two (2) defendants, "Oklahoma Publication Co." and Nicole Marshall.  In the text of his complaint, Plaintiff states that Defendant "Oklahoma Publication Co." is d/b/a the Tulsa World newspaper and that Defendant Nicole Marshall is employed as a writer/author. Plaintiff indicates both named defendants acted under color of state law at the time his claims arose. In the "Nature of Case" section of the amended complaint, Plaintiff writes: "article by Nicole Marshall published in the Tulsa World on or about Jan. 10, 2008, was defamatory and injurious to my character and person, and interferes with my 6th Amendment right to an impartial jury panel." See Dkt. # 8. He identifies one (1) cause of action:  "defamation." As his requested relief, Plaintiff asks for "monetary, actual and punitive damages, as well as any other relief deemed proper by this Court, including but not limited to, the criminal charges pending against Plaintiff cited in said article." Id.

In support of his cause of action, Plaintiff alleges, as he did in the original complaint, that an article published in the Tulsa World was slanderous and defamed his character.[1]  Specifically, he complains that:

_____

[1]Plaintiff has attached to his amended complaint a newspaper article, dated January 10, 2008, published in the Tulsa World, describing a series of bank robberies in the Tulsa area.  The article states that Plaintiff had been charged with the December 27, 2007, robbery of the Bank of America branch located at 515 S. Boulder Ave., but that he had not yet been arrested. The article also discussed information available in public records, including a comment made by former Tulsa County District Judge Raymond Graham, in November 1976, when Plaintiff was sentenced to four (4) years imprisonment for auto burglary. The newspaper article quoted Judge Graham as stating, "Your mother certainly didn't do you any favors when she named you." See Dkt. # 8, Ex. A.

I was the subject of said article, which included my picture, name, and a synopsis of my prior criminal convictions. Also included in said article are the details, including pictures, of numerous other alleged crimes of which I am not even accused of committing. However, there is nothing in the article elucidating this fact. In the text of said article several prior statements and information, including a quote by former Judge Raymond Graham, were recklessly repeated and reprinted. Accordingly, said article was defamatory and injurious to my character and person, and interferes with my Sixth Amendment right to an impartial jury panel, and I have suffered damages arising therefrom. See, e.g., Stevens v. Rifkin, 608 F.Supp. 710, 726-27 (N.D. Cal. 1984); see also Cooper, et. al, v. Dupnik, et. al, 924 F.2d 1520 (9th Cir. Ct. App.); see also Paul v. Davis, 424 U.S. 693, 703, 47 L.Ed. 405, 96 S.Ct. 11155 (1976). Said damages are a direct result of the actions of the Defendants named in this complaint.

(Dkt. # 8).

Pursuant to 42 U.S.C. § 1983,

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).  The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). In Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262 (10th Cir. 1989), the Tenth Circuit addressed a defamation claim asserted in a civil rights action and stated that:

> [w]hat constitutes state action under the Fourteenth Amendment has not been defined with precision. The Supreme Court has counseled us that the state action inquiry, although a legal determination to be made by the court, requires the 'sifting [of] facts and weighing [of] circumstances.' Burton v. Wilmington Parking Auth., 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961). The Court further has instructed us that state action requires 'significant' involvement by the state in the allegedly unconstitutional conduct. Id.

5

Phelps, 886 F.2d at 1271.  In other words, a plaintiff must demonstrate that there was a significant nexus between the actions of the state and the decision to publish disparaging articles about plaintiff and his criminal history.

In his amended complaint, Plaintiff makes only a conclusory statement that the named defendants acted under color of state law.  Nothing in the factual averments, however, supports Plaintiff's statement that the defendants acted under color of state law. A newspaper and its reporter do not become state actors simply because they have received and published information from a governmental official, as Defendants did here. Id.

Furthermore, defamation alone does not state a constitutional claim, even when done under color of state law. See Paul v. Davis, 424 U.S. 693, 701-710 (1976).  Damage to reputation is not actionable under § 1983 unless it is accompanied by "some more tangible interests."  See id. at 701. To state a claim for defamation under § 1983, a plaintiff must allege loss of a constitutionally protected property or liberty interest in conjunction with the allegation of injury to reputation.  See Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991). This has become known as the "stigma-plus" test.  See id. There are two ways to meet the stigma-plus test. One way is to allege that the injury to reputation caused the denial of a federally protected right. See id. The second way is to allege that the injury to reputation was inflicted in connection with a federally protected right. See id. The stigma-plus test also requires that the defamation be accompanied by an injury directly caused by the government, rather than an injury caused by the act of some third party. See Cooper, 924 F.2d at 1534.

In this case, even if Plaintiff had alleged involvement of the government, his defamation claim fails to state a claim upon which relief may be granted. Plaintiff claims that the newspaper

6

article interfered with his right to be tried by an impartial jury.  That claim, however, is purely speculative as Petitioner's criminal charge remains pending in Tulsa County District Court.

This consolidated action shall be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted.

### C.  First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2), as amended (Dkt. # 9), is **granted.** Plaintiff is responsible for payment of the **$350** filing fee in monthly installments.  Plaintiff shall make an initial partial payment of **$28.72**. The motion to proceed *in forma pauperis* (Dkt. # 2) filed in Case No. 08-CV-152-CVE is **declared moot**.

2.      After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s).  Jail officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited

herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3. Plaintiff's civil rights complaint (Dkt. # 1), as amended (Dkt. # 8), is **dismissed with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is effective in both Case No. 08-CV-120-CVE and Case No. 08-CV-152-CVE.

4. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

5. The Clerk shall send a copy of this Order to jail officials at the David L. Moss Criminal Justice Center.

6. This is a final Order terminating this consolidated action.

DATED THIS 21st day of April, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8